(8 Misc. Rep. 1.)

### WALSH et al. v. MANHATTAN RY. CO..

(Superior Court of New York City, General Term. April 2, 1894.)

RAILROAD COMPANIES—INJURIES TO PERSONS ON TRACK—EVIDENCE.

In an action against an elevated railroad company for the death of plaintiff's intestate, it appeared that intestate jumped or fell on the track as the engine was approaching, but the evidence was conflicting as to whether the engine was far enough away when the engineer first saw intestate on the track to be stopped in time to prevent the injury. *Held*, that there was sufficient evidence of negligence on the part of defendant to go to the jury.

Appeal from jury term.

Action by Mary Walsh, as administratrix, and Charles H. Mapes, as administrator, against the Manhattan Railway Company to recover damages for alleged negligence causing the death of plaintiffs' intestate. The complaint was dismissed, and plaintiffs appeal. Affirmed.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

Samuel C. Herriman, for appellants.

Davies, Short & Townsend, for respondent.

DUGRO, J. The plaintiffs' intestate fell or jumped upon the track of the elevated railroad from the station at Eighteenth street and Third avenue, and was crushed to death by an incoming train. This appeal is from the judgment dismissing the complaint, entered after the defendant had rested. The question presented is, substantially, whether the evidence warranted a submission of the case to the jury. As there was evidence that the engineer saw the deceased fall or jump, whichever he did, the location of the train at the time of this incident was of vital importance. Upon this point the evidence was conflicting. The engineer testified that when he got to the end of the station, about 25 feet from the deceased, the latter jumped off the platform. Doyle testified that, when the deceased got up from the track, he (the witness) looked south to see where the engine was, and noticed it between Sixteenth and Seventeenth streets. If the jury believed, as they might have, that at the time the engineer saw the deceased leave the platform the train was between Sixteenth and Seventeenth streets, and the engineer's evidence that he did not put the brakes on until he reached the end of the station, and that they were then on for his regular stop, it might well be that they would have found the accident to have occurred through negligence on the part of the engineer in not using ordinary diligence to stop the train after he saw the deceased upon the track. It may be

needless to say that, if the accident happened through the engineer's neglect to use ordinary care after he saw the man upon the track, there would be no question of contributory negligence, except such as might arise upon the point as to whether the deceased used ordinary care in attempting to reach a point of safety, and upon this the evidence would have sustained a finding in plaintiffs' favor. I think the refusal to submit the case to the jury was error, and that the judgment should be reversed, and a new trial ordered, with costs to abide the event. All concur.